UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

       Plaintiff,
                3:14-CV-1391
v.                  (GTS/TWD)

THOMAS BONADIO and ELIZABETH BONADIO,

       Defendants.
_____

APPEARANCES:            OF COUNSEL:

HON. WILLIAM P. BARR        JAMES M. STRANDJORD, ESQ.
United States Attorney General      KAREN WOZNIAK, ESQ.
 Counsel for Plaintiff          Trial Attorneys, Tax Division
United States Department of Justice–Tax Division
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

  Currently before the Court, in this income tax enforcement action filed by the United States of America ("Plaintiff") against Thomas Bonadio and Elizabeth Bonadio ("Defendants"), is Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Dkt. No. 34.) For the reasons stated below, Plaintiff's motion is granted.

**I. RELEVANT BACKGROUND**

  **A. Plaintiff's Complaint**

  Generally, in its Complaint, Plaintiff alleges that a federal tax lien was filed against a property held by Defendant Thomas Bonadio (in which property Defendant Elizabeth Bonadio

received an interest beginning December 14, 2007) arising from Defendant Thomas Bonadio's unpaid income tax liabilities for the years 1999 through 2003. (Dkt. No. 1 [Pl.'s Compl.].) Plaintiff alleges that the unpaid income tax liabilities were assessed at $204,026.25 for 1999, $95,943.56 for 2000, $17,768.54 for 2001, and $19,644.69 for 2003, amounting to a total outstanding owed balance of $337,383.04, plus statutory additions and interest from November 15, 2014. (*Id.* at ¶¶ 5-7.) Plaintiff also alleges that Defendant Thomas Bonadio (who was a titleholder of the relevant property for all relevant tax years) was provided notice of the income tax assessments and that a demand for payment was made upon him, but that he did not make payment. (*Id.*) Finally, Plaintiff alleges that, on January 18, 2007, a Notice of Federal Tax Lien against Defendant Thomas Bonadio for the above-described unpaid income tax liabilities was recorded in the Broome County Clerk Records Office, and that, on September 12, 2013, a Notice of Federal Tax Lien Refiling against Defendant Thomas Bonadio for the above unpaid income tax liabilities was recorded in the Broome County Clerk Records Office. (*Id.* at ¶¶ 16-17.)

  Based on these alleged facts, Plaintiff requests the following relief: (1) a determination that Plaintiff has valid and subsisting federal tax liens on all property and property rights belonging to Defendant Thomas Bonadio; (2) a determination that the federal tax liens against Defendant Thomas Bonadio attach to the subject property; and (3) an order that the federal tax liens on the subject property be enforced and that the property be sold, free and clear, in a judicial sale, and that the proceeds of that sale be distributed to Plaintiff in satisfaction of Defendant Thomas Bonadio's unpaid tax liabilities and to such parties in such amounts as the Court determines. (*Id.* at 4.)

### B.     Relevant Procedural History

On November 17, 2014, Plaintiff filed its Complaint against Defendants. (Dkt. No. 1.) On April 20, 2015, Plaintiff filed a stipulation of dismissal with a right to reinstate the action up to twelve months after a judgment or settlement in a concurrent case pending in the United States District Court for the District of Connecticut, which the Court approved the same day. (Dkt. Nos. 11, 12.) On March 26, 2019, Plaintiff filed a motion to reinstate the action based on the fact that the resolution of the concurrent case in the District of Connecticut (related to real property held by Defendant Thomas Bonadio in Connecticut) did not result in a payment that satisfies the full amount of the federal tax lien; specifically, the proceeds from the sale of the Connecticut property were $220,424.75, which reduced the outstanding balance owed on the tax liens encumbering Defendant Thomas Bonadio's Broome County property to approximately $32,700.00 as of April 21, 2018. (Dkt. No. 13, at 2-3.) On April 4, 2019, Plaintiff filed an amended motion to reinstate the action at the direction of the Court, which the Court granted on May 8, 2019. (Dkt. Nos. 14, 15, 16.)

On May 9, 2019, Plaintiff filed affidavits of service of the summons and Complaint on both Defendants. (Dkt. Nos. 17, 18.) On July 31, 2019, Plaintiff filed a request for entry of default, and, on August 1, 2019, the Clerk of Court made an entry of default. (Dkt. Nos. 29, 30.)

### C.     Plaintiff's Motion for Default Judgment and Defendants' Non-Response

On September 11, 2019, Plaintiff filed the current motion for default judgment. (Dkt. No. 34.) Defendants were provided until September 30, 2019, to respond to that motion. (Text Notice filed Sept. 12, 2019.) As of the date of this Decision and Order, Defendants have not appeared or responded to Plaintiff's motion for default judgment. (*See* Docket Sheet.)

## II. RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

Pursuant to Second Circuit law, when determining whether to grant a default judgment, the Court must consider three factors: (1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the Government's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment. *Pecarksy v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "An unexcused or unexplained failure to provide an answer to the Complaint will itself demonstrate willfulness," as does failing to respond to both a complaint and a subsequent motion for default judgment. *United States v. Silverman*, 15-CV-0022, 2017 WL 745732, at *3 (E.D.N.Y. Feb. 3, 2017) (citing *S.E.C. v. McNulty*, 137 F.3d 732, 738-39 [2d Cir. 1998]; *Indymac Bank v. Nat'l Settlement Agency, Inc.*,

07-CV-6865, 2007 WL 4468652, at *1 [S.D.N.Y. Dec. 20, 2007]).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted).  "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc*., 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]).  "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]).  This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

Under N.D.N.Y. L.R. 55.2(a), when requesting an entry of default judgment from the Clerk of the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a statement showing the principal amount due (not to exceed the amount demanded in the Complaint and giving credit for any payments with the dates of payments), (c) a computation of the interest to the day of judgment, (d) a per diem rate of interest, (e) the costs and taxable disbursements claimed, and (f) an affidavit of the moving party or the party's attorney. N.D.N.Y. L.R. 55.2(a).  The appended affidavit must show that (a) the party against whom judgment is

sought is not an infant or incompetent person, (b) the party against whom judgment is sought is not in military service, (c) the party against whom judgment is sought has defaulted in appearance in the action, (d) service was properly effected under Fed. R. Civ. P. 4, (e) the amount shown in the statement is justly due and owing and no part has been paid except as set forth in the party's other statement, and (f) disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. *Id.*

Under N.D.N.Y. L.R. 55.2(b), when moving for an entry of default judgment from the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a proposed form of default judgment, (c) a copy of the pleading to which no response has been made, and (d) an affidavit of the moving party or its attorney setting forth the facts required by N.D.N.Y. L.R. 55.2(a). N.D.N.Y. L.R. 55.2(b).

### III.  ANALYSIS

After carefully considering whether Plaintiff is entitled to default judgment, the Court answers that question in the affirmative for the following reasons.

An entry of default "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). However, "[a] court's decision to enter a default against defendants does not by definition entitle plaintiffs to an entry of a default judgment. Rather, the court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 188 (2d Cir. 2015).

As an initial matter, the Court finds that Plaintiff's submissions meet the procedural requirements of Local Rule 55.2(b).  (Dkt. No. 34, Attach. 2, at 5-7, 9-10.)  The Court therefore must assess whether Plaintiff has sufficiently alleged all the substantive requirements related to its specific claim.

This Court has previously recognized that "there are three prerequisites to the existence of a tax lien: (1) the assessment of a tax; (2) the notice of assessment and demand for payment; and (3) the taxpayer's neglect or refusal to pay." *United States v. Case*, 06-CV-0570, 2011 WL 13352948, at *5 (N.D.N.Y. Aug. 23, 2011) (Scullin, J.).  "The Internal Revenue Code further provides that the Government may subsequently force the sale of the debtor's property to satisfy a valid tax lien." *Case*, 2011 WL 13352948, at *5 (citing 26 U.S.C. § 7403[c]).

Plaintiff has alleged that (a) taxes were assessed against Defendant Thomas Bonadio for the years 1999, 2000, 2001, and 2003, (b) Plaintiff provided notice and a demand for payment related to each of these assessments to Defendant Thomas Bonadio, (c) Defendant Thomas Bonadio failed, neglected, or refused to pay those taxes, (d) Defendant Thomas Bonadio was and is a title owner of the relevant property at all relevant times, and (e) notices of the federal tax lien were recorded in the Broome County Clerk Records Office on both January 18, 2007, and September 12, 2013, related to those tax assessments.  (Dkt. No. 1, at ¶¶ 5-17 [Pl.'s Compl.].)  Because Plaintiff has therefore stated a valid claim related to the tax lien and Defendants have failed to provide any defense to that claim, the Court finds that Plaintiff has sufficiently established liability and entitlement to sale of the property for the purposes of this default judgment.

The Court also finds that Plaintiff has sufficiently established damages.  The affidavit of

Mary Bishop, a Revenue Officer Adviser for the Internal Revenue Service ("IRS"),[1] indicates that Ms. Bishop assessed that Defendant Thomas Bonadio owed an outstanding balance of $34,793.29 (with $11,389.15 outstanding related to the 2001 tax year assessment and $23,404.14 outstanding related to the 2003 tax year assessment) as of September 3, 2019, based on the stipulation made in the proceedings in the District of Connecticut, her own calculations of statutory additions and interest, and information in the IRS' Integrated Data Retrieval System. (Dkt. No. 34, Attach. 2 [Bishop Decl.].) In its motion to reinstate this action, Plaintiff had indicated that, as a result of the payment received to settle the proceedings in the District of Connecticut, the balance owed on the tax lien encumbering the relevant property was approximately $32,700.00 as of April 21, 2018, which is generally consistent with the amount calculated by Ms. Bishop when statutory interest that accrued between April 21, 2018, and September 3, 2019, is considered.[2] (Dkt. No. 15, at 4.) The Court also notes that an assessment by the IRS "is entitled to a legal presumption of correctness." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002); *United States v. Bowman*, 16-CV-1388, 2017 WL 2610507, at *3 (N.D.N.Y. June 16, 2017) (Suddaby, C.J.) (finding that an attorney affidavit stating the amount

---

[1]  Ms. Bishop attests that accessing and reviewing IRS records related to specific taxpayers and preparing declarations of balance based on those records is part of her regular duties in this position. (Dkt. No. 34, Attach. 2, at ¶ 1 [Bishop Decl.].) Ms. Bishop further attests that her declaration is based on her personal knowledge of the facts contained therein, that the records she relied on were created at or near the time of the events described in the records, and that it is the regular practice of the IRS to create and preserve such records. (*Id.*)

[2]  The Court notes that, although Ms. Bishop did not include the specific interest rate used for the relevant time period, the historical rates are published and easily accessible government information of which the Court may take judicial notice. *See IRC 6621 Table of Underpayment Rates*, U.S. Dep't of Labor, Employee Benefits Security Administration, https://www.dol.gov/agencies/ebsa/employers-and-advisers/plan-administration-and-compliance/correction-programs/vfcp/table-of-underpayment-rates (last visited Apr. 29, 2020).

of the damages combined with attached documentation from the IRS of the balance and the interest rates were sufficient to establish a valid basis for the damages). The Court finds that this evidence establishes the amount of damages with reasonable certainty. *See Joe Hand Promotions, Inc. v. Elmore*, 11-CV-3761, 2013 WL 2352855, at *5 (E.D.N.Y. May 29, 2013) ("When evaluating damages, the court may rely on affidavits or documentary evidence.").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion is **GRANTED**; and it is further

**ORDERED** that, pursuant to 26 U.S.C. §§ 6321, 6322 and 6323, Plaintiff has valid, subsisting and enforceable tax liens associated with the assessments of income tax against Defendant Thomas Bonadio for the 2001 and 2003 tax years upon all property and rights to property belonging to Defendant Thomas Bonadio; and it is further

**ORDERED** that the federal tax liens in favor of Plaintiff have attached to Defendant Thomas Bonadio's one-half interest in the real property located at 31 Baker Road, in the Town of Sanford, in Broome County, New York, legally described in paragraph 4 of the Complaint; and it is further

**ORDERED** that the federal tax liens in favor of Plaintiff do not attach to Defendant Elizabeth Bonadio's one-half interest in the Baker Road property, but Defendant Elizabeth Bonadio has raised no equitable factors for the Court to consider in exercising its discretion to order the sale of the property pursuant to 26 U.S.C. § 7403; and it is further

**ORDERED** that the federal tax liens in favor of Plaintiff upon the Baker Road property are hereby enforced, and the property shall be judicially sold pursuant to 26 U.S.C. § 7403 to enforce such liens, free and clear of all rights, titles, claims and interests of the parties to this

action, with the proceeds distributed as follows:

      (a) first, to the costs and expenses of sale, including payment of any real property taxes due and owing and the compensation and expenses of a Receiver, if one is appointed, and

      (b) second, to be divided in half and distributed as follows:

          (i)    50% to Defendant Elizabeth Bonadio; and

          (ii)   50% to Plaintiff, in full or partial satisfaction of the federal tax liens against Defendant Thomas Bonadio, with the remainder (if any) to be paid to Defendant Thomas Bonadio.

Date:  May 19, 2020
         Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
Chief U.S. District Judge